# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUTOZONE IP LLC | CIVIL ACTION |
| VERSUS | No. 17-13107 |
| ADNAN AWAD, ET AL. | SECTION: "J"(2) |

## ORDER AND REASONS

Before the Court is a *Motion for Default Judgment* **(Rec. Doc. 12)** filed by Plaintiff, AutoZone IP LLC. The motion is unopposed by Defendants Adnan Awad and United Autozone Inc. Having considered the motion, Plaintiff's memorandum, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL BACKGROUND

This action derives from a trademark dispute between AutoZone IP LLC, a nationwide retailer and distributer of automobile parts, and United AutoZone Inc., a used car dealership in Gretna Louisiana, and United Autozone's owner, Mr. Adnan Awad. As this is a motion for default judgment, the Court accepts all well-pleaded allegations as true. Plaintiff has used its AUTOZONE and extended family of ZONE marks since 1987, branding automotive parts and accessories as well as its retail

stores selling these items.[1] The U.S. Patent and Trademark Office registered Plaintiff's AUTOZONE mark as a service mark in 1989.[2] Plaintiff has used its mark in extensive advertising, having spent hundreds of millions of dollars to engage with customers through direct mail circulars, radio, television, courtside electronic signage, its website, e-mail advertisements, and in-store print advertisements.[3] Plaintiff has established more than 5,400 stores throughout the nation, including two in Gretna, Louisiana, where Defendants maintain a used car dealership.[4] Plaintiff has been a Fortune 500 company since 1999; its revenues exceeded $10.187 billion for the fiscal year ending 2015.[5]

According to Plaintiff, Defendants began operating a used car dealership under the name United Autozone in October of 2015.[6] Mr. Awad registered a domain name for the dealership, "unitedautozoneofgretna.com," on October 9, 2015.[7] Upon becoming aware of these actions by Defendants, Plaintiff sent several cease and desist letters to Defendants, demanding they stop using the AUTOZONE mark. Mr. Awad evidently responded to the letters in September of 2016, by changing the corporate name of the dealership from United Autozone Inc. to Gretna Auto Depot Inc.[8] However, in June of 2017, Mr. Awad changed the corporate name back to United

---

[1] (Rec. Doc. 12-1 at 1-3).
[2] (Rec. Doc. 12-2 at 3) (recognizing the first use of AUTOZONE mark in commerce as occurring on November 19, 1987).
[3] (Rec. Doc. 12-1 at 4-5).
[4] (Rec. Doc. 12-1 at 3).
[5] (Rec. Doc. 12-1 at 5).
[6] (Rec. Doc. 12-1 at 6).
[7] (Rec. Doc. 1 at 6).
[8] (Rec. Doc. 1-1).

Autozone Inc.[9] In October of 2017, United Autozone was administratively terminated by the Louisiana Secretary of State.[10]

Plaintiff filed its complaint on November 22, 2017, alleging trademark infringement in violation of 15 U.S.C. §1114; unfair competition in violation of 15 U.S.C §1125(a); unfair trade practices in violation of La. Rev. Stat. § 1401, trademark dilution in violation of 15 U.S.C. § 1125(c) and La. Rev. Stat. Ann. § 51:223.1; and cyberpiracy in violation of 15 U.S.C. §1125(d).[11] On November 29, 2017, United AutoZone and Mr. Awad were served with process.[12] Defendants failed to respond to the complaint or file an answer by December 20, 2017. On April 20, 2018, Plaintiff moved for entry of default against both defendants. The Clerk granted Plaintiff's motion for entry of default on April 23, 2018.[13] Plaintiff then filed the instant motion that same day. To date, Defendant has failed to make an appearance in this case.

## STANDARD FOR DEFAULT JUDGMENT

Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default,

---

[9] (Rec. Doc. 1-1).
[10] (Rec. Doc. 12-1 at 6).
[11] (Rec. Doc. 1).
[12] (Rec. Docs. 6, 7).
[13] (Rec. Doc. 11).

which is "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). To obtain an entry of default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend" the complaint within the required time period. Fed. R. Civ. P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical. *See United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry").

After the clerk has entered the default, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b). When considering whether there is a "sufficient basis in the pleadings" for the entry of a default judgment, the court must accept as true "the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (quoting *Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. No party is entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

**DISCUSSION**

## I. JURISDICTION

Before entering a default judgment, the district court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Judgment entered in the absence of jurisdiction is void, and the court must therefore refrain from entering judgment if its jurisdiction is uncertain.

The instant matter is a suit for trademark dilution and infringement and cyberpiracy under the Lanham Act; the Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, and 1338. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). The Court has personal jurisdiction over United Autozone as an incorporated entity with its principal place of business in Louisiana and Mr. Awad because he is a citizen of Louisiana. Additionally, the alleged tortious acts committed by the Defendants were committed in this judicial district of Louisiana.

## II. LIABILITY

The complaint alleges that (1) Plaintiff has valid marks that are entitled to protection under the Lanham Act,[14] (2) Plaintiff's marks are famous, (3) Defendants used the marks to advertise and sell its goods and services without Plaintiff's consent,

---

[14] Plaintiff registered its mark in 1989, that is prima facie evidence that Plaintiff enjoys an exclusive right to its AUTOZONE mark in connection with the registered services. 15 U.S.C. § 1115(a).

(4) Defendants used the Plaintiff's marks after they became famous, (5) Defendants' use of the marks is likely to cause confusion in the marketplace for used vehicles sales as to the source and authority for offering such services,[15] (6) Defendants' use of the marks dilutes the distinctive quality of the marks to identify and distinguish Plaintiff's goods and services, (7) Defendants' use of the marks intended to confuse and deceive the consuming public, and (8) Defendants used a domain name confusingly similar to Plaintiff's marks with the bad faith intent of profiting from consumer association with Plaintiff's marks. By their default, Defendants have admitted these allegations, which together constitute the essential elements of Plaintiff's claims of trademark infringement, unfair trade practices, cyberpiracy and dilution pursuant to the Lanham Act.

Furthermore, the Fifth Circuit has concluded that the Louisiana Unfair Trade Practices Act ("LUTPA") prohibits trademark infringement as a variation of an unfair trade practice and that, "[l]ikelihood of confusion is the essential ingredient for claims of unfair competition under both the Lanham Act and the Louisiana statute." *Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1039 (5th Cir. 1984). Thus, the elements of Plaintiff's LUTPA claim are met. Finally, the requirements for dilution under state law are the same as the requirements for dilution under the Lanham Act, see *Nola Spice Designs, LLC v. Haydel Enterprises Inc.*, 969 F. Supp. 2d 688, 703 (E.D. La. 2013), and therefore Plaintiff has proved a violation of Louisiana's anti-dilution law as well.

---

[15] "Whether consumers are likely to be confused about the origin of a defendant's products or services is ultimately a question of fact." *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008).

## III. REMEDY

Plaintiff has requested a permanent injunction and the Court agrees that Plaintiff would be irreparably harmed if Defendant were allowed to continue using the UNITED AUTOZONE mark. Keeping in mind that "an equitable remedy for trademark infringement should be no broader than necessary to prevent the deception," *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (quoting *Westchester Media et al. v. PRL USA Holdings, et al.*, 214 F.3d 658, 671 (2000)), the Court shall enjoin Defendants from employing the UNITED AUTOZONE mark—or any other mark confusingly similar to Plaintiff's marks—to promote its used car business. This injunction shall prohibit Defendant from using the UNITED AUTOZONE mark as its trade name for its used vehicle business or in its domain name.

Plaintiff has also requested damages. While all well-pleaded factual allegations are considered true for purposes of default judgment, this does not include allegations as to damages. *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The Court finds an evidentiary hearing is required before the Court can grant monetary damages pursuant to 15 U.S.C. § 1117.

Finally, Plaintiff requests that the Court direct the Defendants to deliver all physical promotional materials which bear the UNITED AUTOZONE mark, so that they may be destroyed pursuant to 15 U.S.C. § 1118. However, Plaintiff provides no evidence of the existence of any such materials. Thus, Defendants shall deliver such

materials to the extent they exist or an affidavit averring that such materials do not exist, if in fact they do not.

<u>CONCLUSION</u>

Accordingly,

**IT IS ORDERED** that Plaintiff's *Motion for Default Judgment* **(Rec. Doc. 12)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants are hereby **PERMANENTLY ENJOINED** from using the UNITED AUTOZONE mark—or any other mark confusingly similar to Plaintiff's marks—to promote their used car business.

**IT IS FURTHER ORDERED** that Defendant shall **TRANSFER** the domain name "unitedautozoneofgretna.com" to Plaintiff within ten days of the entry of final judgment.

**IT IS FURTHER ORDERED** that an evidentiary hearing shall be held on **January 16, 2019 at 9:30 a.m.** to determine Plaintiff's damages.

**IT IS FURTHER ORDERED** that Defendants shall **DELIVER** any and all physical media displaying the UNITED AUTOZONE mark in their possession to Plaintiff no later than January 15, 2019. To the extent that such materials do not exist, Defendants shall deliver an affidavit averring as to such.

New Orleans, Louisiana, this 12th day of December, 2018.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE